**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE: | ) |
|  | ) |
| **ARCADIA ENTERPRSES, INC.** | )    **Chapter 11** |
|  | )    **Case No.  10-40226-JBR** |
| **DEBTOR** | ) |
|  | ) |

**MOTION FOR AUTHORIZATION**
**FOR USE OF CASH AND NON-CASH COLLATERAL**

**(Expedited Determination Requested by January 30, 2010)**

Now comes Arcadia Enterprises, Inc., Debtor-In- Possession herein ("Debtor" or "Debtor in-Possession" or "Arcadia") and states as follows:

1. Debtor filed its petition under Chapter 11 of Title 11 of the United States Code on January 21, 2010 , and since such date has continued in possession of its property and operation of its business as Debtor-In-Possession operating as a building contractor and property manager.

2. The Debtor-In-Possession requires the use of the pre-petition cash and non-cash collateral in order to continue to operate its business.

3. The Debtor purportedly executed and delivered a certain Promissory Note on December 28, 2006 to the Scituate Federal Savings Bank (the "Lender[1]") in the original principal amount of $420,000.00 (the "Note"). The Debtor does not have a copy of the Note nor has the Scituate Federal Savings Bank provided a copy of same to the Debtor.

4. The Lender recorded at the South Worcester Registry of Deeds a Mortgage and Security Agreement to secure the Note. The Mortgage contains language which purports to be

---

[1] The Scituate Federal Savings Bank was not the original lender, the loan was granted by the Walpole Co-Operative Bank and secured by a Mortgage dated February 22, 2005. The Mortgage was assigned without recourse to Scituate Federal Savings Bank and recorded on December 14, 2006 at Book 24357 Page 248. The Mortgage to Walpole Co-Operative Bank was discharged.

the Security Agreement and grants to the Lender a security interest under Article 9 of the Massachusetts Uniform Commercial Code in all tangible personal property owned or hereafter acquired, defining personal property as contract rights, plans and specifications, permits, approvals and general intangibles and proceeds thereof. A copy of the Mortgage and Security Agreement is attached as Exhibit 1.

5. There is no UCC-1 Financing Statement recorded at the Commonwealth of Massachusetts. See Exhibit 2.

6. The Lender recorded a UCC Financing Statement at the South Worcester Registry of Deeds. See Exhibit 3. The UCC Financing Statement is for collateral beyond the scope provided in the Mortgage and Security Agreement; to wit, it purports to hold a security interest in "all goods, furniture, fixtures, accounts, contract rights, documents, instruments, proceeds of insurance, etc." The Debtor shall seek a determination as to the validity of that purported security interest.

7. The Debtor executed other documents requested by the Bank an Assignment of Leases and Rentals and an Assignment of Permits, Licenses and Approvals. See Exhibits 4 and 5.

8. The Debtor-In-Possession commenced the filing on the eve of foreclosure as the Debtor and the Lender were unable to reach an agreement with respect to a restructuring of the obligation to the Lender.

9. The Debtor –In-Possession requests the use of the pre-petition cash and non-cash collateral and the rental income in order to continue to operate and manage the construction business and maintain the building which it owns and operates. In accordance with the

requirements of 11 U.S.C. § 363(c)(4), the cash proceeds of the debtor's operations will be segregated in a separate bank account until such time as the debtor is authorized to utilize same.

10. Debtor-In-Possession has no source of income other than the rental income and the proceeds from the operations of its business. If it is not permitted to use such funds it will be unable to pay the monthly mortgage or adequate protection payment or to operate its business as a contractor.

11. The Debtor-In-Possession must have a preliminary hearing on this Motion on or about January 30, 2010 if a closing down of operations and the consequent immediate and irreparable harm to the estate are to be avoided and requests an immediate hearing in connection with this Motion.

12. The Debtor-In-Possession has no payroll at this time as it works on a contract by contract basis. The next contract, for work to be performed is in the sum of $15,000 and is pending weather permitting the commencement of the work.

13. The Debtor seeks to utilize cash collateral to the extent of $1,191.00 for the next thirty (30) days in accordance with a proposed Budget based upon historical and projected expenses for the year. A proposed budget is annexed as Exhibit 6.

14. The Debtors assets as of the filing date, exclusive of its real estate, are miscellaneous office equipment and supplies which an approximate value of $3,500 and approximately $100 in cash. The Debtor anticipates its rental payments on the first of each month as set forth in the budget at Exhibit 6.

15. The Debtor is willing to grant replacement liens on receivables and other collateral acquired by the Debtor after the petition date of the same type, nature or description

encompassed within their pre-petition security interest to the Lender, such liens to be of the same priority as their pre-petition lien.

16. Debtor has no unencumbered assets to fund post-petition operation of its business, or to pay expenses other than from the rents to be generated on and after February 1, 2010. Debtor states that it is unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable under Section 502(b)(1) of the Bankruptcy Code as an administrative expense.

17. The Debtor believes that its continued operation is in the best interest of the estate in that it will preserve its going concern value, thereby increasing the likelihood of reorganization and minimizing the disruption to its business caused by the Chapter 11 filing.

18. Debtor is concurrently with the filing, served this Motion by fax and mail to Scituate Federal Savings Bank and by regular mail to the twenty largest unsecured creditors, taxing authorities and the United States Trustee.

19. The Debtor requires an expedited hearing on or before January 30, 2010 on the within Motion for Use of Cash and Non-Cash Collateral as it is unable to pay for utilities, insurance, supplies or to conduct any business without the use of its cash.

20. Scituate Federal Savings Bank is adequately protected as it is the holder of the first mortgage on the real estate located at 8 Condon Way, Hopedale, MA which has a fair market value of between $450,000 and $500,000. The value of the real estate is in excess of the claim. The Debtor further avers that Scituate Federal Savings Bank is adequately protected as the property is insured, the post-petition real estate taxes will be paid and the property maintained. The Debtor believes such payments are adequate protection pursuant to 11 U.S.C. §361 to protect against diminution in the value of the collateral.

WHEREFORE, the Debtor respectfully requests that the Court:

1. Find that service of this Motion by fax and mail to the secured creditors and by regular mail to the twenty largest creditors, the taxing authorities, and the United States Trustee is reasonable and adequate under these emergency circumstances;

2. Enter an order authorizing the Debtor to use cash and non-cash collateral on the basis provided for herein, without prejudice to the Debtor's right to seek to modify such order for any other reasons, upon further notice and a hearing; and

3. Grant such other relief as is just and proper.

>Respectfully submitted,
>**Arcadia Enterprises, Inc.**
>By its attorney,
>
>/s/ Nina M. Parker
>Nina M. Parker (BBO #389990)
>nparker@ninaparker.com
>Jenny L. Yandell (BBO #658322)
>jyandell@ninaparker.com
>Parker & Associates
>10 Converse Place
>Winchester, Massachusetts 01890
>(781)729-0005

DATED:    January 21, 2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE:** ) | |
| ) | |
| **ARCADIA ENTERPRSES, INC.** ) | **Chapter 11** |
| ) | **Case No.   10-40226-JBR** |
| **DEBTOR** ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Nina M. Parker, do hereby certify that I have given either electronic notice and/or mailed, postage prepaid, copies of **Motion for Authorization for Use of Cash and Non-Cash Collateral (Expedited Determination Requested by January 30, 2010)** to the parties listed on the annexed service list.

/s/ Nina M. Parker
Nina M. Parker (BBO #389990)
nparker@ninaparker.com
Jenny L. Yandell (BBO #658322)
jyandell@ninaparker.com
Parker & Associates
10 Converse Place
Winchester, Massachusetts 01890
(781) 729-0005

DATED:       January 21, 2010

**Electronic Mail Notice List**

- Richard King   USTPRegion01.WO.ECF@USDOJ.GOV

**Manual Notice List**

Arcardia Enterprises, Inc.
8 Condon Way
Hopedale, MA 01747

A Custom Co.
PO Box 111
Bellingham, MA 02019

Advanta
PO Box 8088
Philadelphia, PA 19101

American Express
PO Box 1270
Newark, NJ 07101

Capital One Bank
PO Box 70884
Charlotte, NC 28272

Champagne and Bibeault, LLC
844 E. Washington Street
North Attleboro, MA 02760

Concrete Products, Inc
PO Box U
Chepachet, RI 02814

Ferguson Enterprises, Inc.
5 Forge Parkway
Franklin, MA 02038

Franklin Lumber Co., Inc.
129 Dean Avenue
Franklin, MA 02038

HPA Design, Inc.
200 Stonewall Blvd. Ste # 5
Wrentham, MA 02093

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA  19114

Massachusetts Department of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA  02114-9564

J and L Musto Construction, Inc.
PO Box 201
Readville, MA 02137

Jolicoeur Overhead Door
122 Pulaski Blvd.
Bellingham, MA 02019

Medway Oil Company
PO Box 343
Medway, MA 02053

PSP, LLC
206 Southbridge St.
PO Box 351
Auburn, MA 01501

Scituate Federal Savings Bank
Attn:  Joseph Hayes
560 Plain Street
Marshfield, MA 02050

Structural Wood Systems, Inc.
PO Box 737
241 Lake Street
Bellingham, MA 02109

T.S. Construction
24 Harper Blvd.
Bellingham, MA 02019

Town of Hopedale
Office of the Town Collector
P.O. Box 7
Hopedale, MA 01747

Trinity Capital Corp.
c/o Commercial Services Group
11603 Shelbyville Road, Suite 3
Louisville, KY 40243

Van Millwork
27 Maple Street
Bellingham, MA 02019